UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMAR MILLER,[1] | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:21cv648 (MPS) |
| | : | |
| NURSE SUPERVISOR, TAWANA | : | |
| FURTICK, et al., | : | |
|     Defendants. | : | |

## **INITIAL REVIEW ORDER**

The *pro se* plaintiff, Omar Miller is an individual who was formerly in the custody of the Connecticut Department of Correction ("DOC"); he filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Nurse Supervisor Tawana Furtick, Health Service Review ("HSR") Grievance Coordinator Rose Walker, Utilization Review Tracker Heidi Goode, Connecticut DOC Prompt Care,[2] and Dental Director Dr. Cuevas in their individual and official capacities. Compl. [ECF No. 1]. He alleges violations of his Eighth, Fourteenth and First Amendment rights; he also asserts state common law claims of negligence. He requests damages and declaratory and injunctive relief.

For the following reasons, the Court will permit Plaintiff's Eighth Amendment claims against Furtick, Walker, Goode and Dr. Cuevas in their individual capacities to proceed.

---

[1] In a notice, Plaintiff recently indicated that his mail should be addressed James Davis and that he is currently incarcerated at Riker's Island in New York. Notice [ECF No. 7].

[2] Plaintiff cannot assert a claim under 42 U.S.C. § 1983 against Connecticut DOC Prompt Care because the state, a state agency, or a division of a state agency is not considered a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983); *Blaine v. UConn Health Care*, No. 3:18-CV-359 (MPS), 2018 WL 1368909, at *2 (D. Conn. Mar. 16, 2018) (dismissing clam against CMHC because it is a division of a state agency and not "person" subject to suit.). Because the court dismisses any federal claim against Prompt Care, the court will also dismiss without prejudice Plaintiff's state law claims of negligence against Prompt Care. *See* 28 U.S.C. § 1367(a).

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic*, 550 U.S. at 556).

Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II. ALLEGATIONS

Plaintiff was formerly incarcerated at MacDougall-Walker Correctional Institution ("MacDougall"). Compl. at ¶ 3. He complains that he did not receive the required medical attention for his right ear, which must be cleaned out every four to six months by an Ear Nose and Throat ("ENT") doctor due to the ear's vulnerability after ear surgery in 1985. *Id.* at ¶¶ 9-13.

2

His treatment history is documented in his health records, but Plaintiff had not seen an ENT for more than a year. *Id.* at ¶ 15. His ear felt as if it were infected, was painful, and had an odorous discharge; he informed RNs Goode and Walker about his symptoms and wrote requests for medical assistance to Defendant Furtick. *Id.* at ¶¶ 16-20, 30. He filed Health Services Review grievances requesting to be seen by an ENT but was not seen. *Id.* at ¶¶ 21-26. Defendant Goode failed to have Plaintiff sent to an ENT specialist; Defendant Walker failed to process his HSRs so that he could receive care for his ear; and Defendant Furtick failed to ensure he received timely adequate treatment. *Id.* at ¶¶ 32-35, 118-121.

Plaintiff also has chronic obstructive pulmonary disease ("COPD") and asthma. *Id.* at ¶¶ 52-54. After Plaintiff saw medical provider Stark about his asthma in January 2020, she referred to Furtick his request for extra exercise and recreation as a treatment for his asthma. *Id.* at ¶¶ 53-60. Furtick did not respond to Stark's communication, and Plaintiff filed an HSR grieving the lack of response. *Id.* at ¶¶ 64-65. A response to his HSR rejected his request for exercise and referred him to a doctor, but he was never seen by a doctor for his asthma. *Id.* at ¶¶ 66-67. Plaintiff also wrote to Furtick about his need for Wixela to treat his COPD and asthma. *Id.* at ¶ 68. Furtick responded that his Wixela was ordered; however, Plaintiff did not receive his Wixela until two months later, although he had informed Furtick and RN Shanya that he had not received his medication and was wheezing, coughing, losing sleep and hurting physically. *Id.* at ¶¶ 69-78. The delay in receiving his Wixela caused his asthma to spiral out of control. *Id.* at ¶ 79. Plaintiff has also experienced delays in receiving his Advair for his asthma symptoms. *Id.* at ¶¶ 76-77.

After he received his Wixela, Plaintiff later had to go to the medical unit due to wheezing, coughing, spitting, and insomnia; he was given Mucinex, which did not help his symptoms. *Id.* at ¶ 80. He later went to the medical unit complaining about his symptoms of wheezing, coughing, mucus build-up and insomnia; he was provided with a breathing treatment and referred to a doctor. *Id.* at ¶ 81. After Dr. Lucas examined him and prescribed Prednisone, Plaintiff's condition improved mildly. *Id.* at ¶¶ 82-83. After another round of Prednisone, he felt better and continued to take Wixela. *Id.* at ¶¶ 83-84.

In Spring 2019, Plaintiff wrote to the dental unit complaining about his tooth pain. *Id.* at 101. At a 2019 appointment, Dr. Cuevas noted Plaintiff's cavities and told him that he would be called back to have the cavities filled. *Id.* at ¶ 103. Dr. Cuevas filled one cavity in May 2019, but failed to call him back as promised to fill the other two cavities. *Id.* at ¶¶ 104-105. In October 2019, Plaintiff wrote to Dr. Cuevas but he never received a response. *Id.* at ¶ 107. Plaintiff then wrote to Nurse Supervisor Furtick that he needed his painful cavity filled. *Id.* at ¶ 108. After Plaintiff filed an HSR grieving the unfilled cavity, he received a response instructing him to write to the dental unit rather than Nursing Supervisor Furtick. *Id.* at ¶¶ 109-110. He later wrote to the dental unit about his unfilled cavity on January 6, 2020. *Id.* at ¶ 111. One of Plaintiff's teeth broke off to the gum on January 27, 2020 and was fixed by a dentist on February 22, 2020. *Id.* at ¶ 114. However, as of August 2, 2020, Plaintiff's cavity had not been filled, although Plaintiff had filed appeal of his HSR. *Id.* at ¶ 115. Plaintiff experienced pain, depression, anxiety and mental anguish as a result of the delay in dental care.

### III. DISCUSSION

Plaintiff alleges Eighth Amendment claims against Furtick for failing to ensure that he

4

receive timely medical treatment for his ear and asthma and COPD; an Eighth Amendment claim against RN Goode for failing to have Plaintiff sent to an ENT to have his ear examined and cleaned; Eighth, First and Fourteenth Amendment claims against Walker arising from her failure to process his HSRs so that he could receive treatment for his ear, conditions of asthma and COPD, and his dental needs; and an Eighth Amendment claim against Dr. Cuevas for deliberate indifference to his dental needs. *Id.* at ¶¶ 119-120.

### A. Eighth Amendment Deliberate Indifference to Medical Needs

The Eighth Amendment prohibits "deliberate indifference to serious medical needs of prisoners," whether "manifested by-prison doctors in response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 104–105 (1976). (internal quotation marks and citation omitted. However, "not every lapse in medical care is a constitutional wrong." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). First, a plaintiff must show that the conditions to which he is subjected "pose an unreasonable risk of serious damage to his health" and that the alleged deprivation of adequate medical care is "sufficiently serious." *Darnell*, 849 F.3d at 30; *Salahuddin*, 467 F.3d at 279; *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). Where a prisoner receives some medical care, but that care is allegedly inadequate, the court must "examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *See Salahuddin*, 467 F.3d at 279; *see also Ferguson v. Cai*, No.11-CV-6181, 2012 WL 2865474, at *4 (S.D.N.Y. July 12, 2012) (collecting cases).

Second, a plaintiff must show that the defendant acted with subjective recklessness—that

is, the defendant knew of and disregarded "an excessive risk" to plaintiff's health or safety. *See Darnell*, 849 F.3d at 32; *Salahuddin*, 467 F.3d at 280. To know of and disregard an excessive risk to the plaintiff's health or safety, the defendant must be actually "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Darnell*, 849 F.3d at 32 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *Salahuddin*, 467 F.3d at 281 (noting that the "charged official must be subjectively aware that his conduct creates [substantial] risk [of harm]").

"In cases where a prisoner alleges a delay in medical treatment, courts examine both the seriousness of the prisoner's medical conditions and the harm caused by any unreasonable delay." *Lombardo v. Graham*, 807 F. App'x 120, 123 (2d Cir. 2020) (citing *Salahuddin*, 467 F.3d at 280) (other citations omitted) (summary order). The court's objective "serious medical need inquiry can take into account the severity of the temporary deprivation alleged by the prisoner." *Smith v. Carpenter,* 316 F.3d 178, 186 (2d Cir. 2003). The court should consider the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." *Id.* "[I]n most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." *Id.*; *see also Bilal v. White*, 494 F. App'x 143, 145–46 (2d Cir. 2012) ("Even assuming that Bilal's conditions could produce serious complications if neglected over sufficient time, there is no evidence that Bilal's conditions worsened over the hours of delay here[.]") (internal citation omitted). The subjective component of the Eighth Amendment analysis requires proof that the defendant was actually aware of a substantial risk that the inmate would suffer serious harm as a

result of his or her actions or inactions. *See Salahuddin,* 467 F.3d at 280; *Amaker v. Coombe,* No. 96 Civ. 1622, 2002 WL 523388, at *8 (S.D.N.Y. Mar. 29, 2002) ("A delay in medical treatment does not by itself violate a prisoner's Eighth Amendment rights unless the delay reflects deliberate indifference to a serious risk of health or safety, to a life-threatening or fast-degenerating condition or to some other condition of extreme pain that might be alleviated through reasonably prompt treatment.").

Plaintiff has sufficiently alleged that his ear, asthma and COPD presented objectively serious medical conditions for purposes of initial review. Plaintiff has also alleged that RNs Furtick and Walker acted with conscious disregard by delaying his ability to receive medical treatment for these conditions, and that RN Goode acted with a conscious disregard to his need for treatment for his ear by failing to have him sent to a specialist. Read together, Plaintiff's allegations are sufficient to state Eighth Amendment claims arising from indifference to his treatment needs for his ear, conditions of asthma, and COPD and may proceed against Furtick and Walker. Plaintiff's claim may also proceed against RN Goode for failure to send him to an ENT specialist for his ear.

Plaintiff has also adequately alleged that he had serious dental needs and that Defendants Walker and Cuevas acted with conscious disregard to his need for dental treatment. Accordingly, the court will permit Plaintiff's dental indifference claims to proceed against Walker and Cuevas to proceed.

### B. First and Fourteenth Amendment Violations

Plaintiff alleges that Defendant Walker violated his First Amendment right to grieve and his Fourteenth Amendment due process rights by failing to process his grievances. However,

"inmate grievance programs created by state law are not required by the Constitution, and consequently allegations that prison officials violated those procedures do not give rise to a cognizable Section 1983 claim." *Alvarado v. Westchester County*, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014) (citations, alterations, and quotation marks omitted). "Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance processed properly." *Schlosser v. Manuel*, No. 3:19-CV-1444 (SRU), 2020 WL 127700, at *5 (D. Conn. Jan. 10, 2020) (citing *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confused a state-created procedural entitlement with a constitutional right"; "neither state policies nor 'state statutes ... create federally protected due process entitlements to specific state-mandated procedures'")). Accordingly, Plaintiff's First and Fourteenth Amendment claims must be dismissed as not plausible.

### C. Official Capacity Claims

As an initial matter, any claims based on constitutional violations for money damages against the defendants, who are state employees, in their official capacities are dismissed as barred by the Eleventh Amendment. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Plaintiff seeks both declaratory and injunctive relief.

In *Ex parte Young*, 209 U.S. 123 (1908), the United States Supreme Court recognized a limited exception to the Eleventh Amendment's grant of sovereign immunity from suit to permit a plaintiff to sue a state official acting in an official capacity for prospective injunctive relief for continuing violations of federal law. *Id.* at 155–56; *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). "A plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from

violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).

However, this exception to Eleventh Amendment immunity "does not permit judgments against state officers declaring that they violated federal law in the past." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993). Plaintiff requests declaratory judgments that Furtick, Walker and Goode violated his Eighth Amendment rights. To the extent that he seeks a declaration that the defendants have violated his rights in the past, his requests are barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* . . . to claims for retrospective relief."). In addition, "dismissal of a declaratory judgment action is warranted where the declaratory relief plaintiff seeks is duplicative of his other causes of action." *Kuhns v. Ledger*, 202 F. Supp. 3d 433, 443 (S.D.N.Y. 2016) (citation, alterations, and ellipsis omitted). Here, judicial resolution of Plaintiff's claims in this case will determine whether any defendant has violated his rights.

Plaintiff's requests for injunctive relief are moot because he is no longer housed in a Connecticut DOC prison. *See* Notice [ECF No. 7]; *Shepard v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011) ("an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."). Moreover, Plaintiff's claim does not satisfy the capable of repetition, yet evading review doctrine, which represents an exception to the general rule of mootness. *Murphy v. Hunt*, 455 U.S. 478, 482–83 (1982). This doctrine is limited to cases where the challenged action is of duration too short to be fully litigated prior to cessation or expiration; and there is a "'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). A general possibility that Plaintiff could be rearrested,

convicted and subjected to the same deliberate indifference to his medical and dental needs is too speculative to satisfy the exception to mootness. *See Preiser v. Newkirk*, 422 U.S. 395, 403 (1975); *Allah v. Annucci*, No. 16-CV-1841 (KMK), 2018 WL 4571679, at *10 (S.D.N.Y. Sept. 24, 2018) (collecting cases finding that inmates' claims of possible future transfer or return to institution is too speculative to satisfy capable of repetition doctrine).

## IV.   ORDERS

The Court enters the following orders:

(1) The case shall proceed on Plaintiff's Eighth Amendment claims against Defendants Furtick, Walker, Goode and Cuevas in their individual capacities for damages. His requests for declaratory relief are DISMISSED and his requests for injunctive relief are DISMISSED as MOOT. His claims against DOC Prompt Care are also DISMISSED. The clerk should ensure that this initial review and all other mailings to Plaintiff are addressed to James Davies aka Omar Miller, #9002100072.

(2)  Because Plaintiff has paid the filing fee in this case, and he has not been granted *in forma pauperis* status, he is responsible for serving the complaint on Furtick, Walker, Goode and Cuevas in their individual capacities within 60 days of the date of this order pursuant to Rule 4, Fed. R. Civ. P. If Plaintiff has questions about service of the complaint, he may contact the Inmate Legal Aid Program ("ILAP"). Failure to effect service within the time specified may result in the dismissal of this action as to a defendant who has not been served.

The Clerk is directed to send Plaintiff instructions for service of the complaint on the defendants in their individual capacities, together with one copy of the complaint, one copy of this order, four blank Notice of Lawsuit forms, four blank Waiver of Service of Summons forms.

(3) Plaintiff shall effect service of the complaint on defendants in their individual

capacities by mailing a Notice of Lawsuit form, a Waiver of Service of Summons form, a copy of the complaint, and a copy of this order to each defendant. **Within 21 days of this Order, Plaintiff shall file a notice with the Court indicating the date on which he mailed the Notice of Lawsuit and Waiver of Services of Summons forms to the defendants in their individual capacities. Plaintiff shall also file the signed Waivers of Service of Summons forms that he receives from the defendants in their individual capacities with the Clerk.**

(4) The clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(5) The defendants shall file a response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. The defendants may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive

motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(11) To the extent the Plaintiff remains incarcerated, the plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

_____/s/_____
Michael P. Shea
United States District Judge

**SO ORDERED** this 6th day of July 2021, at Hartford, Connecticut.